**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **ALLAN SHEPPARD,**  Defendant. | 2:11-cr-00313-GMN-RJJ  **ORDER**  Defendant's Motion for Prescription Medication Request (#27) |

This matter comes before the Court on the Defendant's Motion for Prescription Medication Request (#27). The Court also considered the Government's Response (#29) and the argument and representations of counsel at the hearing held on the Motion (#27).

**BACKGROUND**

The Defendant, Allan Sheppard, is charged with Possession of a Firearm by a Convicted Felon, under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 7, 2011, the Court ordered detention pending trial based on the serious risk that Sheppard would not appear or would endanger the safety of another person or the community. He is being held at the Southern Nevada Detention Center (SNDC).

Sheppard seeks Oxycodone prescription pain medication while incarcerated pending trial. Sheppard claims he suffered an accident several years ago, resulting in traumatic brain injury, debilitating headaches, and body aches. He submits that he requires Oxycodone for pain management, and that denying him the drug disrupts his treatment plan and subjects him to

undue pain and discomfort. In support, Sheppard relies on *Prewitt v. Roos*, which held that a failure to administer prescribed pain medication may violate a prisoner's Eighth Amendment right against cruel and unusual punishment. 160 Fed. App'x 609, 610 (9th Cir. 2005). During the hearing, Sheppard testified that his traumatic brain injury occurred in 1988; however, he did not provide any supporting documentation regarding the injury or his medical treatment..

In its brief, the Government cited the SNDC's policy against dispensing Oxycodone to inmates. Response (#29). However, during the hearing the Government clarified that the Detention Center decides whether or not to dispense Oxycodone on a case-by-case basis. According to the Government, the SNDC is not providing Oxycodone to Sheppard because Sheppard's current treatment plan is adequate. In support, the Government presented a letter from Dr. Ruben H. Saavedra, M.D., who reported that Sheppard has been evaluated and has been under treatment since his incarceration. Exhibit 1, attached to the Government's Response (#29). According to Dr. Saavedra, Sheppard has been treated with various medications and given extra blankets to reduce inflammation, pain, and pressure. In his letter, the doctor noted that Sheppard's "pain and tenderness. . . is out of proportion to the physical exam findings, and that [Sheppard's] injury occurred 24 years ago." *Id*. Dr. Saavedra further stated that Sheppard's "vital signs are always normal and not indicative for a patient who has chronic pain." *Id*. In the doctor's professional opinion, Sheppard "has been quite appropriately treated for his pain syndrome." *Id*.

## DISCUSSION

At issue is whether the Court should grant Sheppard Oxycodone during his incarceration. The government must provide inmates a certain level of medical care under the Eighth Amendment. *Velasquez v. Barrios*, 2012 WL 2060660 at *1 (9th Cir. June 8, 2012). An inmate's constitutional rights are only violated, however, when prison officials neglect the inmate's medical needs, demonstrating "deliberate indifference." *Id*. Prison officials act with deliberate indifference when they are aware of a substantial risk to an inmate's health, yet purposefully disregard it. *Id*. A prisoner's mere disagreement with diagnosis or treatment does not rise to the

level of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

In *Velasquez*, an inmate alleged an Eighth Amendment violation when prison officials delayed his hernia surgery for over a year, providing him with pain medication instead. 2012 WL 2060660 at *1. The court held that because the prison treated the inmate for pain, it did not act with deliberate indifference. *Id*. Dissimilarly, in *Prewitt*, when prison officials deliberately ignored numerous doctors' prescriptions for an inmate's pain medication, the court precluded summary judgment against the detainee because a reasonable jury could find the prison acted with deliberate indifference. 160 F. App'x 609 at 611.

In the present case, like in *Velasquez*, the SNDC is administering pain treatment and medication to Sheppard. Under *Velasquez*, the SNDC is not acting with deliberate indifference because it is not disregarding any substantial risk to Sheppard's health. Unlike in *Prewitt*, the SNDC is not ignoring any current pain medication prescriptions; rather, it is dispensing medication to Sheppard in accordance with Dr. Saavedra's orders. According to *Sanchez*, Sheppard's mere disagreement with his doctor's diagnosis and treatment does not demonstrate deliberate indifference. Also, Sheppard has not provided documentation of a traumatic brain injury or current Oxycodone prescription. Sheppard has not shown that the SNDC is acting with deliberate indifference. He has only shown that he merely disagrees with Dr. Saavedra's diagnosis and treatment. He is therefore not entitled to Oxycodone while incarcerated.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED the Defendant's Motion for Prescription Medication Request (#27) is **DENIED**.

DATED this  17th  day of July, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge